STATE *vs.* ALFRED L. SHAFFNER.

*Criminal Law—Indictment—Attempting to Persuade Another to
Commit Perjury—Perjury—Offense—Common Law—
Statute—What State Must Prove—Bad Repu-
tation of Defendant; Effect of—Evi-
dence.*

1. Perjury was an offense at common law, and is where a lawful
oath is administered in some judicial proceeding or due course of justice,
to a person who swears wilfully, absolutely and falsely, in a matter ma-
terial to the issue or point in question.

2. Where the crime of perjury is committed at the instigation or
procurement of another, it is termed subornation of perjury in the party
instigating it, and is also an offense at common law.  So also is an attempt
to instigate or persuade another to commit perjury an offense at common
law, notwithstanding the fact that the perjury was not afterwards actually
committed.

3. By a statute of this State it is made a felony for any person to
commit the crime of perjury, or to procure any other person to commit
such crime.

4. While an attempt to procure one to commit perjury is not specifi-
cally provided for by statute, it comes within the terms of the general
statute which provides that offenses indictable at common law, and not
specifically provided by statutes, shall be deemed misdemeanors.

5. To establish such offense the State must show that the defendant
instigated and endeavored to persuade the witness to swear in the former
trial in substance and effect as set forth in the indictment; that this was
false, and was known to be false, at the time of the instigation and attempt,
both by the defendant and the person he is alleged to have attempted to
procure to commit perjury.

6. In considering the testimony of the defendant the jury should
have regard to the uncontradicted evidence as to his bad reputation for
truth and veracity, his former conviction for offenses involving moral
turpitide, and the interest he has in the determination of the case.

(*March* 11, 1908.)

JUDGES SPRUANCE and BOYCE sitting.

*Robert H. Richards*, Attorney-General, and *Daniel O. Hast-
ings*, Deputy Attorney-General, for the State.

*William W. Knowles* for the defendant.

Court of General Sessions, New Castle County, March Term, 1908.

The defendant was indicted and tried at this term upon a charge of attempting to persuade another to swear falsely at the trial of a certain suit of divorce then pending in the Superior Court for New Castle County, wherein Israel Eisenman was plaintiff and Bessie Eisenman was defendant.

The facts appear in the charge of the Court.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—By the indictment which you have been impanelled to try, Alferd L. Shaffner, the defendant, is charged with having attempted to persuade and procure one Roland C. Daniel to swear and give evidence at the trial of a certain suit of divorce then pending in the Superior Court of this State in and for this County, wherein Israel Eisenman was plaintiff and Bessie Eisenman was defendant, in substance and effect as set forth in said indictment, and in such manner as that such swearing and giving evidence would have constituted perjury on the part of the said Roland C. Daniel, if he had so actually sworn and given his evidence.

Perjury was an offense at common law, and has been described to be where a lawful oath is administered in some judicial proceeding or due course of justice, to a person who swears wilfully, absolutely and falsely, in a matter material to the issue or point in question. Where the crime of perjury is committed at the instigation or procurement of another, it is termed subornation of perjury in the party instigating it, and is also an offense at common law. So also is an attempt to instigate or persuade a person to commit perjury, an offense at common law, notwithstanding the fact that the perjury was not afterwards actually committed.

By a statute of this State it is provided that "If any person shall commit the crime of perjury; or shall suborn, or procure any other person to commit the crime of perjury; such person shall be deemed guilty of felony." *Revised Code, Chap.* 130, *Sec.* 1.

By another statute of this State, it is provided that "Assaults, batteries, nuisances, and all other offenses indictable at common law, and not specially provided for by statutes, shall be deemed misdemeanors, and shall be punishable by fine and imprisonment, or either, according to the discretion of the Court." *Revised Code, Chap.* 127, *Sec.* 18.

The offense with which the prisoner is charged by this indictment comes within the last quoted statute, as an attempt to procure one to commit perjury was an offense at common law and is not specially provided for by any statute of this State.

To establish this offense it is necessary for the State to prove to the satisfaction of the jury, that the defendant instigated and endeavored to persuade the said Roland C. Daniel to swear to the substance and effect as set forth in the indictment, at the trial of said divorce case in the said Superior Court, and that this was false and was known to be false, both by the defendant and the said Daniel, at the time of said alleged instigation and endeavor so to persuade said Daniel.

The record of the said divorce case is in evidence before you One of the charges set forth in the petition of the plaintiff in that case is that his wife, had been guilty of adultery with one Harry Phillips, and the testimony which the indictment alleges the defendant endeavored to induce the said Daniel to give at the trial, would have been material in the said case.

If you shall be satisfied from the evidence, beyond a reasonable doubt, that the defendant, Shaffner, within this County and within two years prior to the finding of this indictment, did instigate and attempt to persuade the said Roland C. Daniel to swear in the trial of said divorce case in substance and effect as set forth in the indictment, and that the same was false, and was known to be false by both the defendant and the said Daniel at

the time of said instigation and attempt, you should find the defendant guilty in manner and form as he stands indicted.

Much of the testimony on the part of the plaintiff and defendant is conflicting. You should give credit to that part of the testimony which you deem worthy of credit, and reject that which you deem unworthy of credit.

In this examination you should have regard to all matters in the testimony which may tend to enable you to arrive at a correct conclusion as to the truth or falsehood of the testimony on behalf of the State and on behalf of the defendant. In considering the testimony of the defendant, Shaffner, it is proper that you should have regard to the uncontradicted evidence as to his bad reputation for truth and veracity, and his former conviction of two offenses involving moral turpitude, and you should also consider the interest he has in the determination of this case.

You should try and determine this case upon the evidence which you have heard in this trial, and nothing else; and without any regard to the effect your verdict may have upon the defendant or any other person.

Verdict, guilty.